IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BEVERLY HUGHES                                                                                                PLAINTIFF

v.                                              No. 4:07CV00694 JLH

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON                                                                                                      DEFENDANT

## OPINION AND ORDER

Beverly Hughes brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against Liberty Life Assurance Company of Boston. Hughes seeks an order compelling Liberty to produce its entire claims manual. For the following reasons, Hughes's motion is denied.

Hughes claims she is entitled to Liberty's entire claims manual under "applicable federal regulations." According to 29 C.F.R. § 2560.503-1, Liberty must provide Hughes access to all documents "relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(j)(3) (2006). A document is relevant if it

> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8). Specifically, Hughes claims subsection iv entitles her to access to Liberty's entire claims manual, as it requires production of documents whether or not they were

"relied upon in making the benefit determination." *Id*. However, that clause is qualified by its predecessor, which only requires the administrator to provide documents that "constitute[] a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit *for the claimant's diagnosis* . . . ." *Id*. (emphasis added). Liberty's entire claims manual is not a statement of policy or guidance regarding a claimant's diagnosis. The entirety of Liberty's claims manual is not "relevant" to Hughes's claim as that term is defined by federal regulations or by any other definition. Hughes's request for an order compelling Liberty to produce its entire claims manual is therefore denied.

Plaintiff's brief must be filed on or before February 11, 2008. Defendant's brief must be filed within fourteen (14) days after plaintiff's brief is filed. Plaintiff's reply brief, if any, must be filed within seven (7) days thereafter.

IT IS SO ORDERED this 28th day of January, 2008.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE